# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ROLAND SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:09-0322 |
| ) | Judge Trauger |
| JOE EASTERLING, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

The Court entered an order on March 13, 2009 directing the petitioner to show cause why his petition under 28 U.S.C. § 2254 should not be dismissed as untimely. (Docket Entry No. 4) The petitioner has responded to the court's show-cause order. (Docket Entry No. 6)

The thrust of the petitioner's argument in his response is twofold: 1) the Tennessee Court of Criminal Appeals erred in determining that the petitioner's post-conviction petition was untimely, after the post-conviction court had ruled to the contrary; and 2) the Tennessee Court of Criminal Appeals erred in addressing the timeliness issue, because the State had waived the issue by not raising it in the court below.

Whether a petition for state post-conviction relief is timely is a question of state law subject to the interpretation of the state appellate courts. The Tennessee Court of Criminal Appeals determined that the petitioner's state post-conviction petition was not timely, and the Tennessee Supreme Court denied his application for permission to appeal. Therefore, under Tennessee law as interpreted by the Tennessee Court of Criminal Appeals, the petitioner's state post-conviction petition was untimely.

The question of waiver on appeal in a state court proceeding also is a question of state law subject to the review and interpretation of the state appellate courts. Taking as true the petitioner's claim that the State did not raise the issue of timeliness in the lower court, the Tennessee Court of

Criminal Appeals obviously decided to address the issue on the merits anyway. The decision to address the issue of timeliness on the merits was within the discretion of the appellate court.

The petitioner cites three cases in support of his argument that the Tennessee Court of Criminal Appeals exceeded its authority in addressing the issue of timeliness for the first time on appeal: *Haskell v. Washington Tp*, 864 F.2d 1266 (6th Cir. 1988); *Phelps v. McClellan*, 30 F.3d 658 (6th Cir. 1994); and *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, these three cases are distinguished from the petitioner's state post-conviction case in one very important way: each of these three cases was governed by federal law and the Federal Rules of Civil Procedure,[1] whereas the proceeding on appeal from the judgment of the state post-conviction court in the petitioner's case was governed by Tennessee law and rules of procedure. "[I]t is not the province of the federal habeas court to reexamine state-court determinations on state-law questions,"[2] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); s*ee also Lewis v. Jeffers*, 497 U.S. 764, 780 (1990), even if the state courts applied state law improperly as the petitioner claims, *see Williams v. Taylor*, 529 U.S. 362, 411 (2000); *Newton v. Million*, 349 F.3d 873, 878 (6th Cir. 2003).

The petition in this action is untimely for the reason explained herein, and in the court's

---

[1] The cases cited by the petitioner also do not support his argument that an appellate court is barred from considering an issue that has been waived. In *Haskell*, the Sixth Circuit did state, as the petitioner correctly notes, that "a defense based upon a statute of limitations is waived if not raised in the first responsive pleading." However, the Sixth Circuit noted in the very next sentence that the rule of waiver is not absolute. *Haskell*, 846 F.2d at p. 1273 & n. 3. In *Phelps*, the Sixth Circuit stated, as the petitioner once again correctly notes, that "[g]enerally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case." Once again, however, the Sixth Circuit wrote in the very next sentence that, "as a practical matter there are numerous exceptions to this broad rule . . . ." *Phelps*, 30 F.3d at 662. *Scott*, the only federal *habeas corpus* case cited by the petitioner, was abrogated by *Day v. McDonough*, 547 U.S. 198 (2006). In *Day*, the United States Supreme Court held that "a district court has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition." *Id.* 547 U.S. at 199. Thus, not only is *Scott* no longer good law, the proposition for which *Day* stands is contrary to the petitioner's legal theory.

[2] The petitioner asserts that the Tennessee Court of Criminal Appeals' decision violated his due process rights, because of "the surprise of the State presenting a new theory of defense for the first time on appeal." (Docket Entry No. 6, p. 3) The Tennessee Court of Criminal Appeals' opinion, *Smith v. State*, 2008 WL 4735479, No. M2007-01420-CCA-R3-PC (Tenn. Crim. App.), shows that the petitioner was afforded the opportunity to, and did in fact, oppose the State on this issue through counsel. *Id.* at * 2. There is no due process violation under the facts alleged.

2

show cause order. Because the petitioner has not established that the AEDPA's one-year limitations period should be equitably tolled, the petition is time-barred as well. Accordingly, the petition is **DENIED** as time-barred, and this action is **DISMISSED**.

Where, as here, the district court denies *habeas corpus* on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that jurists of reason would not debate whether the court was correct in its procedural ruling in this action. Therefore, should the petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and an application for a COA, *Slack*, 529 U.S. at 483; Rule 22(b), Fed. R. App. P., which will **NOT** issue, *see* 28 U.S.C. § 2253(c)(2); *see also Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002)(citing *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)).

Entry of this order shall constitute the final judgment in this action.

It is so **ORDERED**.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Aleta A. Trauger
United States District Judge